**James E. POWELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**Tilman FIELDS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 81–43, 81–282.**

District of Columbia Court of Appeals.

March 29, 1983.

Before NEWMAN, Chief Judge; KELLY, KERN, NEBEKER, MACK, FERREN, PRYOR, BELSON and TERRY,* Associate Judges; and YEAGLEY, Associate Judge, Retired.

### ORDER

On consideration of appellee's petition for rehearing en banc, and it appearing that

---

* Associate Judge Terry did not participate in this matter.

the majority of the judges of this court, 455 A.2d 405, has voted to deny the aforesaid petition, it is

ORDERED that appellee's petition for rehearing en banc is denied.

PER CURIAM.

Associate Judges Kern, Nebeker, and Belson would grant appellee's petition for rehearing en banc.

Separate statement of Associate Judge Nebeker.

NEBEKER, Associate Judge:

The slow but steady evisceration of the prosecution receives fresh impetus today in our failure comprehensively to address the issues raised in the instant case and many others in the recent past. With our alacrity to find misconduct, we drift with seeming indifference towards a trial environment which leaves a prosecutor without effective argument and sterile of tongue. Indeed, it is increasingly more difficult to know what "hard blows" may yet be struck without fear of rebuke or reversal. *See Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

The particular shortcomings of the panel's opinion are highlighted by a reluctance to assess individual prosecutorial statements in full context, and the failure to apply the applicable "plain error" standard on review. *See Watts v. United States*, 362 A.2d 706 (D.C.1976). I fail to perceive a miscarriage of justice on the facts of this case. However, my concern is more systemic than isolated. My purpose here is briefly to note the effect of our continued forbearance from full court review of this disorganized and unwieldy topic of "prosecutorial misconduct."

In about the last 12 months, this court has addressed the issue of asserted prosecutorial misconduct no less than fifty times. On almost half of those occasions we have commented adversely on a variety of prosecutorial closing arguments. There, in often vague and conclusory terms, we find error, though insufficient to reverse. Our mixed signals in the form of handslaps and public rebuke, revealing as they do inadequate discussion of the context of the statements, only serve to confuse. Indeed, the ease with which we make findings of misconduct belies our responsibility to set cognizable and realistic standards of conduct for the prosecution bar, and ignores the dual impact from such a holding. Not only do we automatically thereby subject the prosecutor to disciplinary inquiry, we also repeatedly and unnecessarily chill prosecutorial advocacy. We were recently told at oral argument in a disciplinary matter that this court's Board on Professional Responsibility subjects every prosecutor to a disciplinary inquiry when we criticize as improper his trial conduct. This insidious trend of disciplinary chill threatens to unbalance the scales for it leaves defense counsel free from judicial scrutiny to make their own improper arguments. Moreover, it is hard to imagine an instance in which able appellate counsel could not unearth a prosecutor's statement which, when taken out of context, would violate one of our myriad taboos surrounding prosecutorial argument.

The mercurial pettiness of many of the statements alleged to amount to misconduct should alert this court to the urgent need for comprehensive treatment of the subject. We regularly flog the prosecutor for isolated references to the "community conscience," or for indirect comments on defense credibility. While the former are more easily avoided, witness credibility must be addressed in most cases, and not as if from the tender tongues of cherubs. True, we often find the error harmless, but time and again we cavalierly reprimand the prosecutor, sending down conflicting authority on what is properly addressed, and also how it may be addressed, in argument. It is time that we cease summary and naive treatment of prosecutorial misconduct claims by returning to the real world. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The rarified air of appellate review does not permit us to ignore the prosecutor's right and duty, in the rough world of criminal trials, to persuade. At present, we seem bent on

414

shaping a seemingly indifferent, disarmed and sterile prosecutor. I cannot remain silent in the face of such a judicially imposed neutrality. Trial of criminal cases is a serious business. Jurors know and feel this. If the prosecutor does not appear strong in all phases of the trial, reasonable doubt can hang heavy in the courtroom when the proof belies it.

Our *de novo* review of prosecutorial misconduct claims is misplaced and does a great disservice to the trial court where such claims are better assessed. Temporal proximity through a timely new trial motion based on asserted prosecutorial misconduct should be required. This would permit the trial judge to decide what impact the conduct may have had on the outcome. He, not this court, can judge such factors as tone of voice and fair response. We may then show proper deference to such findings and reclaim our proper role as a reviewing court.

The issue before us today is one particularly amenable to, and in need of, en banc treatment. It is regrettable that this court has avoided the resolution of such an important matter. Given this unfortunate fact, it is still to be expected that the prosecutors will remain true to their duty, even though we seem to be saying that most of their hard blows are foul ones.