Sandra L. **WILLIAMS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 89–1396.

District of Columbia Court of Appeals.

Submitted Jan. 23, 1992.

Decided Jan. 23, 1992 *.

G. Godwin Oyewole, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black, and Caroline Marnock Carney, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN, STEADMAN, and KING, Associate Judges.

FERREN, Associate Judge:

A jury acquitted appellant of possession with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988 and 1991 Suppl.), but convicted her of maintaining a crack house, *id.* § 33–542(a)(5) (1988), and possession of drug paraphernalia, *id.* § 33–603(a) (1988 and 1991 Supp.). She challenges her convictions on two grounds: (1) the trial court erred when it denied her motion for judgment of acquittal, because the government had failed to present sufficient evidence (a)

---

* The disposition in this case was originally released as a Memorandum Opinion and Judg- ment on January 23, 1992. It is now being published by direction of the court.

that appellant knew her house was used for illicit drug activity and (b) that the weight scale found in appellant's house was used for drug activity; and (2) the prosecutor, in the opening statement for the government, expressed a personal opinion as to appellant's guilt, thereby introducing error which the trial court failed to cure. We affirm.

## I.

 In considering any claim of evidentiary insufficiency, this court must view all the evidence in the light most favorable to the government, keeping in mind the jury's right to assess credibility and to draw reasonable inferences from the evidence presented. *E.g., Lawson v. United States,* 596 A.2d 504, 509 (D.C.1991). The government proved that, while executing a search warrant at appellant's home, the police found a large quantity of crack cocaine, as well as glass pipes, metal rods, burned cotton swabs, clear plastic ziplock bags, and a postal weight scale,[1] all of which are commonly employed either in the distribution or use of crack cocaine.

Appellant's daughter, who was a witness for the defense, testified that people came every day to appellant's home, both in the daytime and at night; that appellant let them in; that there were sometimes as many as 20 persons throughout the house when appellant's daughter came home from school; and that appellant's daughter saw them with cocaine. She further testified that people were smoking cocaine in appellant's home while appellant was present and that she had seen her mother "get some." There can be no doubt that this evidence was sufficient to allow the jury reasonably to conclude that appellant knew of and participated in the drug distribution activities in her home. *See Lawson,* 596 A.2d at 509 (finding evidence sufficient to convict two defendants of maintaining gambling premises). Furthermore, the jury was free to disbelieve appellant's testimony that she was unaware of the drug

use going on all around her and to interpret her falsehood as an indication of her consciousness of guilt. *See Mills v. United States,* 599 A.2d 775, 783–84 (D.C.1991).

 Appellant claims that because the government failed to prove that the weight scale found in appellant's home was actually used for drug activity, her conviction on the drug paraphernalia charge cannot stand. She argues that a conviction for possession of drug paraphernalia requires proof that the paraphernalia was actually used by her in drug activity. The statute itself belies appellant's argument: "It is unlawful for any person to use, *or to possess with intent to use,* drug paraphernalia...." D.C.Code § 33–603(a) (emphasis added). The government proved that the postal weight scale, which appellant admitted was hers, was conveniently accessible to appellant and was located near the glass pipes and other paraphernalia used to smoke crack cocaine. This was sufficient to establish appellant's possession of the scale. *See Smith v. United States,* 522 A.2d 1274, 1276 (D.C.1987) (government required to prove that " 'the paraphernalia were conveniently accessible to [appellant] and that [s]he knew of their presence' ") (quoting *United States v. Covington,* 459 A.2d 1067, 1071 (D.C.1983)). The government also established that such scales are often used by persons processing crack cocaine for distribution. The jury could infer that appellant's postal scale was drug paraphernalia used, or intended for use, in the drug operation. Therefore, we perceive no error in the trial court's denial of appellant's motion for judgment of acquittal.

## II.

 Appellant's second argument is entirely without merit. The prosecutor began his opening argument as follows: "On May 31st, 1989, Sandra Williams, seated right over there, ran a crack house." Defense counsel immediately objected, without stating grounds. The court, at side bar, admonished the prosecutor to avoid making

---

1. Appellant testified that the postal weight scale was a decorative object given to her by her late uncle.

declarations of fact. The prosecutor began again, "Ladies and gentlemen of the jury, the evidence will show you that on May 31st, 1989, that woman, Sandra Williams, ran or operated a crack house...." The court, only moments before, had instructed the jury: "The opening statements of the lawyers are not evidence. They are just to help you understand the evidence that they expect to be introducing." Defense counsel did not object to the second statement and did not ask for a curative instruction. This sequence of events could not have resulted in the "substantial prejudice" to appellant that we would have to find to reverse appellant's conviction. *See Powell v. United States*, 455 A.2d 405, 411 (D.C. 1982), *reh'g denied*, 458 A.2d 412 (D.C. 1983).

*Affirmed.*